FILED
JAN - 7 2022
KATHY MARTIN
WALLA WALLA COUNTY CLERK

Robert R. King
Minnick-Hayner, PS
249 W Alder
PO Box 1757
Walla Walla, WA 99362
(509) 527-3500

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR WALLA WALLA COUNTY

| | |
|---|---|
| BURL J. WALLACE, SR. and EVELYN WALLACE, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT USA, INC., a Delaware Corporation, doing business in Washington,<br><br>Defendant. | Cause No.: 22 2 00012 36<br><br>COMPLAINT |

COME NOW plaintiffs, BURL J. WALLACE, SR. and EVELYN WALLACE, husband and wife, by and through their attorneys of record, Minnick-Hayner, PS and Robert R. King, and upon knowledge, information and belief, and for cause of action herein, states as follows:

## I. PARTIES/JURISDICTION/VENUE

1. At all times material hereto, plaintiffs were residents of Walla Walla County, Washington.

2. At all times material hereto, defendant Home Depot USA, Inc. was a Delaware corporation registered and doing business in Washington State, including Walla Walla County, Washington.






Minnick • Hayner
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500

3. This action arises out of and relates to injury to the person of plaintiff, Burl J. Wallace, Sr., occurring on the premises of the Home Depot Store located in College Place, Walla Walla County, Washington.

4. This court has subject matter jurisdiction pursuant to RCW 2.08.010. Venue is appropriate in Walla Walla County, Washington, pursuant to RCW 4.12.020.

## II. FACTS

5. On or about February 14, 2019, plaintiff Burl J. Wallace, Sr. (hereinafter "Mr. Wallace") was a customer during business hours at defendant Home Depot Store number 4734 (hereinafter "Home Depot" or "the Store") in College Place, Walla Walla County, Washington.

6. Plaintiff Burl J. Wallace went into the store to shop while Evelyn Wallace (hereinafter "his wife" or "Mrs. Wallace") waited in their car in the parking lot. The temperature was below freezing.

7. After Mr. Wallace had completed his shopping, he exited the store and walked down the sidewalk in front of the store. Mrs. Wallace drove their car up to the sidewalk so Mr. Wallace could get into the passenger seat.

8. As Mr. Wallace opened the car door, he slipped on an icy spot on the sidewalk, landing on his knees with his right arm in an awkward position. He went back into the store to find a Home Depot staff member.

9. Mr. Wallace suffered severe bodily injury as a result of the fall.

10. Subsequent investigation established that ice had not been properly removed from the sidewalk.

11. There were no warning signs posted near the icy spot on the sidewalk and the defendant had made no effort to sand or melt the icy spot until after Mr. Wallace had fallen.



Minnick • Hayner
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500

12. Given the nature of the operation of the defendant's store, and the winter weather in Walla Walla County at the time of the accident, it was reasonably foreseeable to defendant that icy areas could form on driveways and sidewalks adjacent to the Store. Under the circumstances, defendant did not take all reasonable precautions necessary to protect invitees on its property from foreseeable risks, including slipping on and falling as a result of icy spots adjacent to one of the Store's main entrances.

## IV. CAUSES OF ACTION

### A. Burl J. Wallace, Sr. – Claim for Damages

13. Plaintiffs repeat and reallege the allegations in paragraphs 1-12 as if expressly set forth herein

14. Defendant Home Depot USA, Inc. was negligent in the following ways, among others:

a. Negligently failing to make safe the dangerous condition of the sidewalk in front of the Store upon discovery of the accumulation of ice on the sidewalk; and/or

b. Negligently failing to make reasonable inspection to discover the dangerous accumulation of ice on the sidewalk; and/or

c. Negligently failing to warn plaintiff, and the general public, of the dangerous condition reasonably known to defendant or discover upon reasonable inspection of the sidewalk; and/or

d. Generally negligent in failing to protect plaintiff from the dangerous condition of the premises; and/or



Minnick • Hayner
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500

e. Negligently failing to foresee the presence of ice on the sidewalk in front of the Store, particularly in the area where plaintiff fell, and failing to maintain the sidewalk in a reasonably safe condition.

15. As a direct and proximate result of defendant's acts, omissions and negligence, plaintiff Burl J. Wallace, Sr. has suffered and will continue to suffer severe, continuing and permanent physical injuries and pain.

16. As a direct and proximate result of defendant's acts, omissions, and negligence, plaintiff Burl J. Wallace, Sr. has incurred and will continue to incur costs, expenses and other economic damages.

17. As a direct and proximate result of defendant's negligence, plaintiff Burl J. Wallace, Sr. has suffered and will continue to suffer from emotional distress, and limitations on and loss of enjoyment of his activities and lifestyle.

**B. Evelyn Wallace – Loss of Consortium**

18. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-17 as if expressly set forth herein.

19. As a direct and proximate result of defendant's acts and admissions, plaintiff Evelyn Wallace has suffered permanent loss in the quality of her relationship with her husband. As compensation for this loss, she should be compensated in an amount to be determined at trial.

## V. LIMITED PHYSICIAN/PATIENT WAIVER

20. Plaintiffs hereby waive the physician-patient privilege only to the extent required by RCW 5.60.060, as limited by the plaintiffs' constitutional rights of privacy, contractual rights of privacy, and the ethical obligations of physicians and attorneys not to engaged in ex parte contact between a physician and the parties' legal adversaries.



**Minnick • Hayner**
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court:

A. Award compensation to plaintiffs for their damages, as will be proven at trial;

B. Award plaintiffs all applicable costs, attorney fees and other expenses as may be allowed by Washington law;

C. Award plaintiffs prejudgment interest on all out-of-pocket costs and expenses which were the direct and proximate result of the negligence of defendant;

D. Grant plaintiffs leave to amend their complaint to conform to discovery, evidence and proof of facts during the pendency of this litigation; and

E. Grant plaintiffs such other and further relief as the Court may determine to be just, reasonable and/or equitable.

DATED: January 6, 2022

MINNICK-HAYNER, PS

By: ______________________
Robert R. King, WSBA #29309
Of Attorneys for Plaintiffs



**Minnick • Hayner**
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500